UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF THE MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, MASSACHUSETTS
LABORERS' PENSION FUND, MASSACHUSETTS
LABORERS' ANNUITY FUND, NEW ENGLAND
LABORERS' TRAINING TRUST FUND and
MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,   C.A. No.
            Plaintiffs,

vs.

FUNARI CORP.,
            Defendant.

## VERIFIED COMPLAINT

### NATURE OF ACTION

1.   This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2.   The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). This Fund is a defined contribution fund. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). This Fund trains apprentices and journey workers in the construction industry. The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Funari Corp. ("Funari") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Defendant Funari is a Massachusetts corporation with a principal place of business at 131 Elm Street, Millbury, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. On or about June 1, 2018, Funari signed a Short Form Agreement ("Short Form Agreement") binding it to the terms of the Heavy & Highway agreement between the Labor Relations Division of Construction Industries of Massachusetts, Inc. and Massachusetts and Northern New England Laborers' District Council ("Heavy & Highway Agreement") for work performed by its employees on the Hanscom Airport ARFF and CBP Facility 2018-109 Project in Bedford, Massachusetts ("the Project"). A true and accurate copy of the Short Form Agreement is attached hereto as Exhibit A. A true and accurate copy of the Heavy & Highway Agreement is attached hereto as Exhibit B.

11. The Short Form Agreement and the Heavy & Highway Agreement require Funari to make contributions to each of the Plaintiff Funds for hours worked by covered employees at rates prescribed therein. See Ex. B at 24-30.

12. The Fund office collects the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

13. The Heavy & Highway Agreement requires that employers that are delinquent in the payment of contributions be charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorney's fees and costs to collect the delinquency. Id. at 31-32.

14. Funari has failed to submit contributions and reports in a timely manner for the months of October, November and December 2018. On information and belief, Funari employed laborers for work covered by the Agreement during these months.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

15. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 14 above.

16. The failure of Funari to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

17. Absent an order from this Court, Funari will continue to refuse to pay the monies it owes to the Funds, as a result of which the Funds and their participants will be irreparably damaged.

18. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS AND DUES

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above.

20. The Short Form Agreement is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

21. The failure of Funari to pay the contributions and dues it owes for October, November and December 2018 and to remit monthly remittance reports violates the terms of the Agreement.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment of the machinery, inventory, bank accounts and accounts receivable of Funari;

b. Enter a preliminary and permanent injunction enjoining Funari from refusing or failing to pay contributions and submit remittance reports due to the Funds;

c. Enter judgment in favor of the Funds on Count I in the amount of all contributions owed for October through December 2018, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorney's fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

d. Enter judgment in favor of the Funds on Count II in the amount of all contributions and dues that Funari owes for October through December 2018, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

    e.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

TRUSTEES OF THE MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, *et al.*,

By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Sasha N. Gillin, Esquire
BBO #690769
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 232
asills@segalroitman.com

Dated: January 29, 2019

## VERIFICATION

I, Louis A. Mandarini, III verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 25 DAY OF JANUARY, 2019.

Louis A. Mandarini, III

ARS/ars&cts
6306-18964/complt.doc